Curia, per Frost, J.
It is the common practice of the Court to permit amendments, by adding new counts, without any condition that they should be restricted to the same cause of action declared on. The very object of a new count must be to add a cause of action which has been omitted in the declaration filed, or to vary the charge of legal liability on the subject of the original counts. If the purpose be only to correct any defect in the original counts, that can be answered by leave to amend them. At one time, in the English Courts, the plaintiff was not permitted to new 001111 ts after plea pleaded, or after the end of the second term. A new right of action was considered, in this respect, as a new count. The principle of the rule was that, if the plaintiff had not declared at all, he would have been °f Court at the end of the second term; so the Court would not permit him to declare, on a fresh cause of action, after that time had elapsed. The defendant can suffer no prejudice by permitting the plaintiff to add new counts after his declaration is filed, when, if he had delayed to file his declaration, he might have inserted them. The rule always admitted of exceptions, and is said now to be relaxed. In Ex'ors Marlboro v. Wodeman, the plaintiff had leave, in order to meet a plea of the statute of limitations, after two terms, to add counts, alleging a promise to the testator. Turner Ex'r v. Smith is a similar case. In Cates v. Cureton, leave was given to amend, by adding new counts, after demurrer and joinder. In Ex'ors Glenn v. McCulloch, leave was refused, on the trial, to withdraw the record and amend by adding counts; but, on appeal, it was said, if there had been any ground for a new trial, leave so to amend might have been g>'alllod. In Huston v. Shillito, the plaintiff declared, in three counts, for a breach of promise of marriage, stating the breach’generally; for not marrying the plaintiff in a reasonable time; and for not marrying on request. After the second term, the plaintiff asked leave to amend by adding a count, alleging a particular day. It was granted to amend one of the counts, which charged the promise to marry “ on request,” by striking out “ request,” and inserting a particular day. This was equivalent to adding a new count. To the objections made, the Court replied that it was in their discretion to grant the amendment as prayed for.
No objection was made in the Circuit Court, to the granting of the motion, that more than two terms had expired; nor did it appear that such was the fact. It was resisted on *221 the ground that the action was for slander; and that such actions should be discouraged, by the enforcement of a rigid rule of practice than is applied in other actions. No authority can be found for such discrimination against this action. It is true, it may be abused, sometimes, for mercenary purposes ; but, in very many cases, it may justly claim sympathy and favor, as the only means of vindicating a cherished reputation from calumny, and redressing the injury an unprincipled slanderer may inflict. The merits of a case cannot be tried on a motion to amend; and it should not be condemned by prejudice.
The motion is dismissed.
Evans, Wardlaw and Withers, JJ., concurred.

Motion refused.